UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    Case No. 2:25-cr-20366

v.                                    Honorable Susan K. DeClercq
                                    United States District Judge

WHITNEY WILLIAMS,

                Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (ECF No. 22)

Defendant Whitney Williams was charged with one count of sex trafficking of a minor. But a few months after he was charged, the sole minor victim identified in the indictment died. So Williams now seeks dismissal of the indictment, arguing that because the minor victim died, much of the Government's evidence against him will be inadmissible at trial. But, as explained below, Defendant's motion will be denied because it is, at its core, a challenge to the sufficiency of the evidence, not the indictment.

## I. BACKGROUND

In April 2025, Defendant Whitney Williams was charged by complaint with one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a). ECF No. 1. One month later, he was indicted for the same charge. ECF No. 14. The indictment

alleges that between September 5 and October 22, 2024, Defendant:

> knowingly recruited, enticed, transported, provided, and obtained, in and affecting interstate and foreign commerce, Minor Victim One (MV-1), having had a reasonable opportunity to observe MV-1 and knowing and in reckless disregard of the fact that MV-1 had not attained the age of 18 years and that MV-1 would be caused to engage in a commercial sex act.

*Id.* at PageID.26.

Sadly, in June 2025, "MV-1 was killed in a car accident." ECF No. 22 at PageID.86; *see also* ECF No. 24 at PageID.97. One month after MV-1's death, Defendant moved to dismiss the indictment, arguing that "[a]dmitting MV-1's testimonial statements for their truth against [him] would violate his Confrontation Clause rights." ECF No. 22 at PageID.88. Thus, he reasons, MV-1's testimonial "statements would be certainly excluded at trial" *Id.* And without such statements, he concludes, "the [G]overnment cannot possibly prove the essential elements of their case against [him]." *Id.* The Government responds that Defendant's motion must be denied because it challenges the sufficiency of the evidence and asks this Court to "usurp the role of the jury." ECF No. 24 at PageID.98.

## II. LEGAL STANDARD

A defendant may challenge a defect in an indictment by filing a motion to dismiss before trial. FED. R. CRIM. P. 12(b)(3)(B). Under Criminal Rule 12, a defendant may raise pretrial "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). Indeed, "courts

evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based," but focus only on the four corners of the indictment. *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001).

To that end, an indictment is sufficient if it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Coss*, 677 F.3d 278, 287 (6th Cir. 2012) (quoting *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010)).

### III. ANALYSIS

Defendant's motion to dismiss the indictment will be denied because it asks this Court to evaluate the sufficiency of the evidence that the Government will present at trial. Indeed, Defendant's motion rests upon the premise that without MV-I, "the [G]overnment cannot prove the essential elements of the offense" charged. ECF No. 22 at PageID.87. But so long as the essential elements of the offense are alleged in the indictment,[1] whether the Government can *prove* those elements is a question for the jury. *See Landham*, 251 F.3d at 1080 ("courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." (collecting cases)); *United States v. Jackson*, No. 16-cr-20188, 2016 WL 4205998

---

[1] Importantly, Defendant does not allege that the indictment *itself* is insufficient. *See generally* ECF No. 22. Indeed, the indictment alleges all the elements of the underlying offense here. *See* ECF No. 14.

(E.D. Mich. Aug. 10, 2016) (noting a defendant may not properly challenge an indictment by arguing that the indictment is not supported by adequate evidence) (collecting cases).

Defendant relies on *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992) to support his argument that Criminal Rule 12 permits district courts to consider undisputed extrinsic evidence to make preliminary findings of fact and dismiss an indictment when the Government is unable to satisfy its proofs as a matter of law. *See* ECF No. 22 at PageID.90. But Defendant ignores crucial context that distinguishes *Levin* from this case. In *Levin*, the court addressed a *question of law* that, when properly resolved by the court, rendered the intent element of the alleged offense impossible to satisfy. *See* 973 F.2d at 466–68. Here, Defendant does not present a question of law that is untethered to an analysis of the Government's proffered evidence. *See* ECF No. 22. To the contrary, Defendant presents a question that would *require* this Court to evaluate the sufficiency of the Government's evidence. This Court may not engage in such an exercise.

True, as Defendant notes, MV-1's death may preclude the Government from presenting certain evidence to the jury. *See* ECF No. 22 at PageID.88–89. Notably, at this juncture, the Government does not argue that MV-1's testimonial statements are admissible. *See generally* ECF No. 24. Instead, the Government asserts it will still be able to establish the elements of the offense through other, admissible

evidence. *See Id.* at PageID.100–01. And to the extent the Parties dispute the admissibility of categories or pieces of evidence, those disputes may be resolved through evidentiary motion practice.

In sum, "[a] difference of opinion as to whether the [admissible] proofs satisfy a required element of a crime is not grounds for dismissal where the indictment . . . sufficiently allege[s]" the elements of the crime. *United States v. Thrush*, No. 20-cr-20365, 2024 WL 1417498 at *6 (E.D. Mich. April 2, 2024) (citing *Coss*, 677 F.3d at 287). Thus, Defendant's motion to dismiss the indictment will be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss the Indictment, ECF No. 22, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**


*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 11, 2025